UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Michael O'Grady,**

    **Plaintiff,**

v.

**Marathon County Child Support Agency,
Synthia O'Grady, Mort McBain, Thomas Finley,
Scott Corbett, Corbett Law Office, Paul Dirkse,
Jane Huebsch, Robin Bentley, Bonnie Larsen-Rainville,
Jenifer Soley, Stuart Rottier, Kelley Weber, Pietz and
Slater, Donna Siedel, Youa Taylor, Michael Roman,
Mark Klinner, Kalewski, Klinner and Kramer, and
Daniel Klint,**

    **Defendants.**

Civil No.: 05-2418 (JNE/JJG)

REPORT AND
RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on numerous motions filed by the parties. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

### I.  INTRODUCTION

Before the Court are the following motions by various defendants: (1) Motion for Summary Judgment by Corbett Law Office (Doc. No. 49); (2) Motion to Dismiss by all Wisconsin defendants except Corbett Law Office (Doc. No. 5); (3) Motion to Dismiss by Synthia O'Grady, Taylor and Klint (Doc. No. 27), and (4) Motion to Strike (Doc. No. 39) filed by all Wisconsin defendants except Corbett Law Office. In addition, Plaintiff has filed the following motions: (1) Motion for Sanctions (Doc. No. 43), (2) Motion for Leave to File (Doc. No. 68), (3) Two Motions for Preliminary Injunction (Doc. Nos. 74 and 84), (4)

1

Motion to Continue (Doc. No. 88), and (5) Motion for Leave to Supplement the Record (Doc. No. 93). For the reasons set forth herein, this Court recommends that Defendants' motions to dismiss and for summary judgment be granted on the basis of the *Rooker-Feldman* doctrine, and that the remaining motions be denied as moot in light of the finding that the Court lacks subject-matter jurisdiction over the claims in this action.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is a *pro se* civil action brought by Plaintiff Michael O'Grady against a Wisconsin county child support agency, various Wisconsin family services administrators and personnel, several Wisconsin law firms and numerous county attorneys in both Minnesota and Wisconsin. Plaintiff's ex-wife, Synthia O'Grady and her sister are also named as defendants. Plaintiff brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.

Plaintiff and Defendant Synthia O'Grady were once married, but were divorced in 1997. The divorce decree was issued by a judge in Marathon County, Wisconsin. At the time of the divorce, both Plaintiff and Synthia O'Grady lived in Wisconsin. Synthia O'Grady and Defendant Daniel Klint were married in July 2002, and now reside with Synthia's four sons and her daughter in Coon Rapids, Minnesota. Plaintiff is the biological father of the four boys. A third party that is not a party to these actions is the biological father of the girl.

Since the divorce in 1997, O'Grady has been involved in numerous legal proceedings in Marathon County and Columbia County, Wisconsin, involving child custody issues and the Plaintiff's child support obligations. In 1998, Marathon County, as a "real party in interest" brought a motion to increase Plaintiff's child support obligation. In March 2004, Plaintiff sought relief in the form of a reduction in child support.

In October 2003, Plaintiff brought a motion to enforce a physical placement Order. In January 2004, Plaintiff initiated a lawsuit in small claims court against Synthia O'Grady for child support, alleging interference with his summer physical custody with his boys, and seeking child support and other damages. In September 2004, plaintiff filed a private citizen John Doe criminal complaint against Synthia O'Grady accusing her of perjury during a Wisconsin child custody proceeding. In 2005, Plaintiff sought review from the Court of Appeals of Wisconsin on numerous issues relating to the state court child custody and child support hearings and orders.

Plaintiff now alleges, in a fifty-page/one-hundred-thirty-one paragraph Complaint, that the various Wisconsin state court proceeding, orders, and judgments are part of an alleged conspiracy among the defendants against him.[1] Plaintiff alleges a fraudulent scheme on the part of Defendants to assert authority to appear on behalf of Synthia O'Grady in matters relating to child support for the O'Grady's children. Plaintiff further alleges that the Wisconsin state court decisions did not properly calculate or adjust his child support payments and improperly enforced the parties' obligations for child support and custody. Throughout his Complaint, Plaintiff calls into question the impartiality of the state court judges and the propriety of their rulings, and alleges complacency in the state court's consideration of the fraudulent scheme of the named defendants. Plaintiff seeks treble damages and an Order that the Defendants "divest themselves [sic] engaging in predicate offenses constituting a pattern of racketeering activities that influences or controls the enterprise." In their motions, Defendants challenge the jurisdictional, factual and legal basis

---

[1] Plaintiff has also filed a separate federal civil rights action against some of the same defendants in the instant case along with others not a party to this suit. This separate action is also pending before this Court.

3

of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2) and Rule 56.

**III. DISCUSSION**

    **1. Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(h)(3) provides "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Each of the briefs filed by the various Defendants challenges the subject matter jurisdiction of this Court over Plaintiff's claims. The Defendants argue the *Rooker-Feldman* doctrine bars Plaintiff from bringing this RICO action to the federal court. Because these arguments implicate the Court's subject matter jurisdiction, the Court must address them at the outset.

The *Rooker-Feldman* doctrine limits the subject matter jurisdiction of the court. Under the *Rooker-Feldman* doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Mosby v. Ligon,* 418 F.3d 927, 932 (8th Cir. 2005) (quoting *Ballinger v. Culotta,* 322 F.3d 546, 548 (8th Cir.2003)). "Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir.2000) (citing 28 U.S.C. § 1257). *See also D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983). "The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds,* 222 F.3d at 492. "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding ... then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman,* 460 U.S. at 482. "Federal claims are inextricably intertwined with the state court

judgment if they 'succeed[ ] only to the extent that the state court wrongly decided the issue before it.' " *Prince v. Ark. Bd. of Examiners in Psychology,* 380 F.3d 337, 341 (8th Cir. 2004) (alteration in original) (quoting *Lemonds,* 222 F.3d at 492).

Recently, in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 125 S.Ct. 1517 (2005), the Supreme Court explained that the *Rooker-Feldman* doctrine bars federal courts from having cases brought by the losing party in state court proceedings alleging injury caused by state-court judgment and seeking review and rejection of that judgment. *Id.* at 1526. A claim seeking redress for an injury caused by the state-court decision itself–even if the basis of the claim was not asserted to the state court–asks the federal court to conduct an appellate review of the state-court decision. *Fearing v. City of Lake St. Croix Beach*, No. Civ. 04-5127, slip op. at *4 (D. Minn. March 17, 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718-19 (4th Cir. 2006) (discussing *Rooker-Feldman* doctrine after *Exxon Mobile* decision by Supreme Court). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Id.* A review of the Complaint in this case exposes Plaintiff's RICO Complaint as an attempt to do exactly what the *Rooker-Feldman* doctrine deems impermissible.

Although Plaintiff purports to bring this action under the RICO statute, his claim is in reality a collateral attack on the validity of the child support and child custody orders and determinations rendered by the Wisconsin state courts. Plaintiff's Complaint asserts extensive allegations regarding his claims of a fraudulent scheme by the Defendants. However, the numerous allegations can be generally categorized as follows: (1) allegations relating to the Marathon County Child Support Agency's representation of Synthia

5

O'Grady in proceedings regarding child support and child custody issues arising from her divorce from Plaintiff, (2) allegations relating to the Wisconsin courts' calculations and judicial enforcement of Plaintiff's and Synthia O'Grady's child support obligations and child custody arrangements, (3) allegations relating to a lack of impartiality and assertions of complicity by the Wisconsin judges hearing his cases, and challenges to the propriety of their rulings.

The record before the Court indicates these issues have been litigated and adjudicated in the circuit and appellate courts in Wisconsin. In addition to the numerous circuit court proceedings concerning the O'Grady's divorce and subsequent motions relating to child custody and support, Plaintiff filed an appeal on many of these issues in 2005.[2] In its opinion, the Court of Appeals of Wisconsin determined that under applicable Wisconsin law, the State has the authority to appear as a "real party in interest" in certain actions regarding child support." *See O'Grady v. O'Grady*, 701 N.W.2d 653 (Table), 2005 WL 1283560 2005 (Wis. App., June 1, 2005). The Court rejected O'Grady's challenge to the standing of the Child Support Agency in the proceedings finding that O'Grady failed to meet his burden of demonstrating that the applicable Wisconsin statutes do not apply in his case. The Court of Appeals further upheld the lower court's calculation and enforcement of Plaintiff's child support obligation finding it to be within the boundaries of the lower court's discretion. *Id.* The Court also determined that O'Grady was capable of receiving a fair and impartial hearing before the state courts, and that he had indeed received a fair and

---

[2] The Court of Appeals of Wisconsin noted in its *per curiam* opinion that "O'Grady's brief purports to raise more than nineteen issues and five arguments, many relating to alleged deprivation of discovery procedures and opportunity to be heard. We address only the issues he develops as arguments." *O'Grady v. O'Grady*, 701 N.W.2d 653 (Table), 2005 WL 1283560 2005 (Wis. App., June 1, 2005).

impartial hearing on the issues he raised in these court. *Id.*

Although Plaintiff's Complaint is styled as a RICO action, the Court finds that for all practical purposes, it is in reality an appeal by Plaintiff of the Wisconsin state court judgments relating to his divorce and child support and custody obligations under which he failed to prevail and from which he now complains of injury. Consequently, in order for the Plaintiff to prevail on his RICO claims alleged here, this Federal Court would be required to reverse the findings of the Wisconsin state courts by voiding those orders regarding standing of the Child Support Agency and the orders setting forth Plaintiff's child support obligations and child custody arrangements. Such relief is precluded under the *Rooker-Feldman* doctrine. Plaintiff is a losing party in state court proceedings who is alleging injury as a result of the state court judgments and seeking review of the state court judgments in federal court, albeit under a RICO claim. Plaintiff wants this Federal Court to "undo" the Wisconsin state court judgments. Under the *Rooker-Feldman* doctrine, this Court lacks the subject matter jurisdiction to consider such claims. *See Exxon*, 125 S.Ct. at 1527.

Plaintiff's Complaint is an impermissible attempt to appeal the judgments of the Wisconsin state courts. A plaintiff who has raised and lost claims in state court may not recast those claims under a different federal cause of action and try again. *See Prince*, 380 F.3d at 340 (disallowing state claims recast as § 1983 claim). Such a Plaintiff must follow the appellate procedure through the state courts and seek review before the Supreme Court. *Id.* Accordingly, the undersigned finds that this Court lacks subject matter jurisdiction over O'Grady's claim, and recommends that all of Plaintiff's claims be dismissed with prejudice.

### 2. Remaining Outstanding Motions

In light of the Court's recommendation that Plaintiff's claims be dismissed for lack of subject matter

7

jurisdiction, the remaining motions before the Court are rendered moot. Accordingly, the undersigned recommends that the remaining motions currently pending before the Court, as specifically delineated below, be denied as moot.

### IV. CONCLUSION

Having considered the arguments and briefs submitted by the parties, the proceedings, the record and the entire file in this matter, **IT IS HEREBY RECOMMENDED** that:

(1) Motion for Summary Judgment by Defendant Corbett Law Office (Doc. No. 49) be **GRANTED** and Plaintiff's Complaint against it be **DISMISSED** in its entirety **WITH PREJUDICE**;

(2) Motion to Dismiss by Defendants Marathon County Child Support Agency, Mort McBain, Thomas Finley, Scott Corbett, Paul Dirkse, Jane Huebsch, Robin Bentley, Bonnie Larsen-Rainville, Jenifer Soley, Stuart Rottier, Kelley Weber, Pietz and Slater, Donna Siedel,, Michael Roman, Mark Klinner, Kalewski, Klinner and Kramer (Doc. No. 5) be **GRANTED** and Plaintiff's Complaint against them be **DISMISSED** in its entirety **WITH PREJUDICE**;

(3) Motion to Dismiss by Defendants Synthia O'Grady, Youa Taylor and Daniel Klint (Doc. No. 27) be **GRANTED** and Plaintiff's Complaint against them be **DISMISSED** in its entirety **WITH PREJUDICE**;

(4) Motion to Strike by Defendants Marathon County Child Support Agency, Mort McBain, Thomas Finley, Scott Corbett, Paul Dirkse, Jane Huebsch, Robin Bentley, Bonnie Larsen-Rainville, Jenifer Soley, Stuart Rottier, Kelley Weber, Pietz and Slater, Donna Siedel,,

Michael Roman, Mark Klinner, Kalewski, Klinner and Kramer (Doc. No. 39) be **DENIED AS MOOT**;

(5)   Plaintiff's Motion for Sanctions (Doc. No. 43) be **DENIED AS MOOT**;

(6)   Plaintiff's Motion for Leave to File (Doc. No. 68) be **DENIED AS MOOT**;

(7)   Plaintiffs Motions for Preliminary Injunction (Doc. Nos. 74 and 84) be **DENIED AS MOOT**;

(8)   Plaintiff's Motion to Continue (Doc. No. 88), be **DENIED AS MOOT**; and

(9)   Plaintiff's Motion for Leave to Supplement the Record (Doc. No. 93) be **DENIED AS MOOT**.

Dated: April 25, 2006                                s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 15, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.