UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael O'Grady,

    Plaintiff,

v.                                                                                   Civ. No. 05-2418 (JNE/JJG)
                                                                                  ORDER

Marathon County Child Support Agency;
Synthia O'Grady; Mort McBain; Thomas
Finley; Scott Corbett; Corbett Law Office;
Paul Dirkse; Jane Huebsch; Robin Bentley;
Bonnie Larson-Rainville; Jennifer Soley;
Stuart Rottier; Kelley Weber; Pietz and Slater;
Donna Siedel; Youa Taylor; Michael Roman;
Mark Klinner; Kalewski, Klinner and Kramer;
and Daniel Klint,

    Defendants.

In a Report and Recommendation dated April 25, 2006, the magistrate judge concluded that subject matter jurisdiction over this action does not exist pursuant to the *Rooker-Feldman* doctrine. Consequently, the magistrate judge recommended that Defendants' motions to dismiss or for summary judgment be granted, that the remaining motions be denied as moot, and that this action be dismissed with prejudice. Plaintiff objected to the Report and Recommendation, and some defendants responded to his objections. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation with the exception of the recommendation that the action be dismissed with prejudice. Instead, the Court dismisses the action for lack of subject matter jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004). In *Frederiksen*, the Seventh Circuit explained that a case dismissed pursuant to the *Rooker-Feldman* doctrine should be dismissed for lack of jurisdiction:

> The *Rooker-Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot *also* be dismissed "with prejudice"; that's a disposition on the merits, which only a court with jurisdiction may render. "No jurisdiction" and "with prejudice" are mutually exclusive. When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits.

*Id.* at 438 (citation omitted); *cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."); *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."). Accordingly, IT IS ORDERED THAT:

1. Corbett Law Office's Motion for Summary Judgment [Docket No. 49] is GRANTED.

2. The Motion to Dismiss by Marathon County Child Support Agency; Mort McBain; Thomas Finley; Scott Corbett; Paul Dirkse; Jane Huebsch; Robin Bentley; Bonnie Larsen-Rainville; Jenifer Soley; Stuart Rottier; Kelley Weber; Pietz and Slater; Donna Siedel; Michael Roman; Mark Klinner; and Kalewski, Klinner and Kramer [Docket No. 5] is GRANTED.

3. The Motion to Dismiss by Synthia O'Grady, Youa Taylor, and Daniel Klint [Docket No. 27] is GRANTED.

4. The Motion to Strike by Marathon County Child Support Agency; Mort McBain; Thomas Finley; Scott Corbett; Paul Dirkse; Jane Huebsch; Robin Bentley; Bonnie Larsen-Rainville; Jenifer Soley; Stuart Rottier; Kelley Weber; Pietz and Slater; Donna Siedel; Michael Roman; Mark Klinner; and Kalewski, Klinner and Kramer [Docket No. 39] is DENIED AS MOOT.

5. Plaintiff's Motion for Sanctions [Docket No. 43] is DENIED AS MOOT.

6. Plaintiff's Motion for Leave to File [Docket No. 68] is DENIED AS MOOT.

7. Plaintiff's Motions for Preliminary Injunction [Docket Nos. 74 and 84] are DENIED AS MOOT.

8. Plaintiff's Motion to Continue [Docket No. 88] is DENIED AS MOOT.

9. Plaintiff's Motion for Leave to Supplement the Record [Docket No. 93] is DENIED AS MOOT.

10. This case is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 19, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge